**UNITED STATES of America, Plaintiff,**

v.

**Raymond B. WALKER, Defendant.**

No. 94–40058–01–SAC.

United States District Court,
D. Kansas.

Feb. 15, 1995.

Marilyn M. Trubey, David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Richard L. Hathaway, Office of U.S. Atty., Topeka, KS, for the U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's pretrial motions, which include a motion to suppress evidence (Dk. 20), motion for Rule 404(b) disclosure (Dk. 21), and a motion to compel disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Dk. 22). The government's response (Dk. 27) opposes all three motions.

On November 30, 1994, the grand jury returned a one count indictment against the defendant Raymond B. Walker charging that on August 10, 1994, he possessed with the intent to distribute 9.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1).

From reading officer J. Roy's report, the court understands the charges to arise from the following events. On the afternoon of August 10, 1994, officer Roy and officer Gonzalez were patrolling on their bicycles when a woman yelled for their help. She told them that her son's bicycle had been stolen and that she had just seen a black male riding her son's bicycle in the 1400 block of Munson. She described the stolen bicycle and the person riding it. The officers told the woman that they needed to answer a call first but that they would return later and look for the bicycle.

After finishing their call, the officers patrolled the College Hill area and then headed for a known drug house where on several occasions they had seen several different bicycles sitting outside. As the officers rode past the drug house, they observed a parked bicycle fitting the description that the woman had given them. They also saw six persons standing around a car and one of the six fit

the description given to them. The officers decided to station themselves and wait for the suspect to leave on the bicycle.

Shortly thereafter, the suspect fitting the description departed on the bicycle in the direction of where officer Roy was positioned. Roy stopped the suspect who got off the bicycle and asked what he had done. Officer Roy asked the suspect for identification, and the suspect said he had none. Officer Gonzalez then arrived, and officer Roy repeated his request for identification or for anything bearing the suspect's name. The suspect emphatically denied having any identification.

From that point, officer Roy reports the incident as follows:

> I then stepped behind him [suspect] to check in his pockets and he took off running. He jumped the bike in the street and ran west up 16th. RO [Reporting officer] gave chase and just about grabbed him at the corner of 16th and Clay before he turned and ran south on Clay. He still had the pager in his right hand and with his left hand he reached into his left front shorts pocket. I yelled to Officer Gonzales that he might be throwing dope. I heard some type of coin drop on the street as his hand came out of his pocket. He ran up on the curb to the sidewalk, still running south on Clay.

> In front of 1606 Clay I caught the subject and pushed him to the ground. As he fell to the ground on the sidewalk, with his left hand he tossed a white plastic bag to his left and the pager to the right from his right hand. RO observed the baggy bounce off the ground and off the fence that bordered the south side of 1606 Clay. We were able to control and cuff the subject as we were on the ground. Officer Gonzales called for some assistance and Sgt. Hanna arrived shortly. The subject was placed in the back seat of the police vehicle.

> RO retrieved the baggy that was thrown and observed a sandwich bag tied in a knot containing six (6) smaller baggies with yellowish rocks believed to be cocaine. Each bag was individually wrapped for sale or distribution. I also retrieved the purple pager that was thrown to the ground.

## Motion to Suppress

The defendant moves to suppress the cocaine base, pager, and all other evidence seized at the time of his arrest. The defendant contends he was illegally seized and then fled when he was about to be illegally searched. The defendant maintains that but for officer Roy's illegal actions he would not have fled and the items at issue would not have been seized. The court is not sure what the defendant considers to be the illegal seizure. It is apparent, however, that the defendant premises his motion on the argument that officers conducting an investigative stop may not check a suspect's pockets for identification. In response, the prosecution points out that there was no constitutional violation for officer Roy did not search the defendant's pockets. Moreover, the prosecution believes there is no legal authority for suppressing evidence simply because an officer contemplated or was preparing to violate a suspect's constitutional rights.

The Tenth Circuit in *United States v. Carhee,* 27 F.3d 1493, 1496 (10th Cir.1994), recently said that the defendant has the "burden of proving whether and when the Fourth Amendment was implicated" at the point he or evidence was seized. More specifically, the defendant must prove his standing to challenge the search as well as a prima facie case of a Fourth Amendment violation. *Id.* at 1496 n. 1. "The government then bears the burden of proving that its warrantless actions were justified" under the facts and law. *Carhee,* 27 F.3d at 1496.

An evidentiary hearing is unnecessary unless the defendant sufficiently shows a warrantless search to have occurred. *United States v. Lewis,* 40 F.3d 1325, 1332 (1st Cir.1994). To meet this burden, " '[t]he defendant must allege facts, sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented.' " *Lewis,* 40 F.3d at 1332 (quoting *United States v. Migely,* 596 F.2d 511, 513 (1st Cir.), *cert. denied,* 442 U.S. 943, 99 S.Ct. 2887, 61 L.Ed.2d 313 (1979)). An evidentiary hearing on a motion to sup-

press is not required unless the defendant makes this showing by alleging "facts that, if proven, would entitle him to relief." *Lewis,* 40 F.3d at 1332.

■ The defendant has not sufficiently alleged specific and detailed facts as to entitle him to an evidentiary hearing. As presented in their written memoranda and oral arguments, both sides essentially agree on the material facts surrounding the stop, officer Roy walking behind the defendant, the defendant's flight, the defendant's disposal of the cocaine and pager, and the defendant's arrest. The defendant's argument that he was illegally seized is unsupported by any factual allegations. The defendant's argument that he was about to be illegally searched is nothing short of conjecture. Thus, the district court is within its right to decide the defendant's motion without conducting an evidentiary hearing. *See Lewis,* 40 F.3d at 1332. Moreover, the parties have agreed to submit the defendant's pretrial motions without a hearing.

■ The protection from unreasonable searches and seizures afforded by the Fourth Amendment reaches only places and interests in which the defendant has a reasonable expectation of privacy. *Rakas v. Illinois,* 439 U.S. 128, 140, 99 S.Ct. 421, 428–29, 58 L.Ed.2d 387 (1978). The defendant must prove that he has a subjective expectation of privacy and that his expectation is objectively reasonable under the circumstances. *United States v. Singleton,* 987 F.2d 1444, 1447–50 (9th Cir.1993). "[T]he demonstration of a legitimate expectation of privacy 'is a threshold standing requirement, and analysis cannot proceed further without its establishment.'" *Id.* at 1449 (quoting *United States v. Cruz Jimenez,* 894 F.2d 1, 5 (1st Cir. 1990)).

■ The defendant here does not prove or even proffer proof of his standing to protest the officer's seizure of the cocaine base and pager. Specifically, he fails to aver or assert any privacy interest in either or both of the seized items. His motion and brief offers conclusory allegations that officer Roy illegally seized him, as well as, speculative assertions that officer Roy contemplated an illegal search. From what has been presented, the defendant's "only interest in suppressing the contraband appears to be avoid its evidentiary force against ... [him]; this is not an interest protected by the Fourth Amendment." *Lewis,* 40 F.3d at 1333.

■ Assuming *arguendo* the defendant's standing, the court concludes that in any event the seizure did not violate Fourth Amendment principles. "[T]he Fourth Amendment's protection against 'unreasonable ... seizures' includes seizure of the person." *California v. Hodari D.,* 499 U.S. 621, 624, 111 S.Ct. 1547, 1549–50, 113 L.Ed.2d 690 (1991). Officer Roy plainly seized Walker by stopping him on the bicycle; the issue is whether the seizure was reasonable.

■ An investigative detention is reasonable under the Fourth Amendment, if the officer has an "articulable and reasonable suspicion that the person detained" has been or "is engaged in criminal activity" and if the officer's actions are "'reasonably related in scope to the circumstances which justified the interference in the first place.'" *United States v. King,* 990 F.2d 1552, 1557 (10th Cir.1993) (quoting *Terry v. State of Ohio,* 392 U.S. 1, 20, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968)). During the course of an investigative detention, an officer may frisk for weapons for the officer's protection if the officer has "an articulable and reasonable suspicion that the person is armed and dangerous," and if the officer's protective search is limited to ensuring that the person is not armed. *United States v. King,* 990 F.2d at 1557–58 (citation omitted).

The defendant's motion does not dispute officer Roy's reasonable suspicion to detain him concerning the possible theft of the bicycle. Instead, the defendant contends officer Roy then exceeded the scope of an investigative detention by walking behind the defendant in preparation for searching his pockets. Officer Roy's report does not say nor does the defendant allege that Roy touched the defendant in any way indicative of an arrest or that Roy reached into the defendant's pockets or began to search the defendant's pockets. At most, officer Roy's report indi-

cates an intent to "check in his [defendant's] pockets," but not an actual search of the pockets.

■■■ "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). A search is more than preparation and contemplation. It is nothing less than governmental activity that "intrudes upon a reasonable expectation of privacy in a significant way." *United States v. York,* 895 F.2d 1026, 1028 (5th Cir.1990); *see United States v. Smith,* 978 F.2d 171, 176–77 (5th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1620, 123 L.Ed.2d 179 (1993); *United States v. Lyons,* 898 F.2d 210, 212–13 (1st Cir.), *cert. denied,* 498 U.S. 920, 111 S.Ct. 295, 112 L.Ed.2d 249 (1990). A search does not occur simply when an officer positions himself or herself to commence a search but then does not follow through with intruding upon or into the suspect's protected space. Consequently, the defendant here suffered no intrusion of his reasonable expectation of privacy when officer Roy walked behind him in preparation to search the defendant's pockets. In short, no unlawful police conduct occurred.

■■■ The Fourth Amendment does not protect abandoned property. *Abel v. United States,* 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960); *United States v. Rem,* 984 F.2d 806 (7th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 300, 126 L.Ed.2d 248 (1993). Therefore, "[a] warrantless search and seizure of abandoned property is not unreasonable under the Fourth Amendment." *United States v. Hernandez,* 7 F.3d 944, 947 (10th Cir.1993) (citations omitted).

Abandonment is judged against an objective standard: whether the individual retained any reasonable expectation of privacy in the object. *Hernandez,* 7 F.3d at 947. "An expectation of privacy is a question of intent which may be inferred from words, acts, and other objective facts." *Hernandez,* 7 F.3d at 947. "When individuals voluntarily abandon property, they forfeit any expectation of privacy in it they might have had." *United States v. Trimble,* 986 F.2d 394, 399 (10th Cir.) (quoting *United States v. Jones,* 707 F.2d 1169, 1172 (10th Cir.) (citation omitted), *cert. denied,* 464 U.S. 859, 104 S.Ct. 184, 78 L.Ed.2d 163 (1983)), *cert. denied,* — U.S. —, 113 S.Ct. 2943, 124 L.Ed.2d 691 (1993).

■■■ Voluntariness becomes an issue when governmental activity may be a cause for abandonment. "However, police pursuit or investigation at the time of abandonment, without more, does not of itself render abandonment involuntary." *Hernandez,* 7 F.3d at 947. On the other hand, "[a]bandonment will not be recognized when it is the result of illegal police conduct." *United States v. Ward,* 961 F.2d 1526, 1535 (10th Cir.1992), *overruled on other grounds, United States v. Little,* 18 F.3d 1499, 1504 (10th Cir.1994). If the alleged abandonment follows a Fourth Amendment violation, the voluntariness of the abandonment is analyzed the same as the voluntariness of a consent to search following a Fourth Amendment violation. *Id.*

■ There were no Fourth Amendment violations preceding Walker's abandonment of the drugs and pager. The defendant's flight and his disposal of the drugs and pager are not attributable to any illegal police conduct. The mere fact that officer Roy walked behind the defendant did not create an intolerable situation where a reasonable person in the defendant's shoes would have believed that his only choice was to abandon the contents of his pockets. The defendant acted intentionally and voluntarily when he discarded the drugs and pager during the chase. His decision to dispose the evidence was a reasoned one, not due to any coercion, but due to the chance of escaping capture with contraband in his possession. The defendant's motion to suppress is denied.

### Motion for Rule 404(b) Disclosure

The defendant asks the government to disclose any prior criminal convictions, wrongs or acts by him that the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence. The government discloses it intends to offer the defendant's conviction for possession of a controlled substance and attaches the journal entry and docket sheet evidencing the state criminal proceeding and conviction for the same. The

government further represents that it will introduce evidence regarding the stolen bicycle and pager, not as Rule 404(b) evidence, but as evidence intrinsic to the crime charged. The court finds that the government's disclosure more than satisfies the requirements of Rule 404(b). The court denies the defendant's motion as moot.

**Motion to Disclose Promises of Immunity and Leniency**

The defendant seeks any information of promises, agreements or understandings for immunity, non-prosecution or favorable recommendations between the prosecution and any prosecution witness. The prosecution responds that it has no such information to disclose. The court reminds the prosecution of its continuing duty to disclose such *Giglio* material. The defendant's motion is denied as moot.

IT IS THEREFORE ORDERED that the defendant's motion to suppress evidence (Dk. 20) is denied;

IT IS FURTHER ORDERED that the defendant's motion for Rule 404(b) disclosure (Dk. 21) is denied as moot;

IT IS FURTHER ORDERED that the defendant's motion to compel disclosure of existence and substance of promises of immunity, leniency or preferential treatment (Dk. 22) is denied as moot.